UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**RAESHAUN P. ROSS,** :

    **Petitioner** : **CIVIL ACTION NO. 3:25-2387**

**v.** : **(JUDGE MANNION)**

**UNITED STATES OF AMERICA,** :

    **Respondent** :

## MEMORANDUM

Presently before the Court is an application for leave to proceed *in forma pauperis* ("IFP Application") and a petition for a writ of habeas corpus under 28 U.S.C. §2241 filed by *pro se* Petitioner Raeshaun P. Ross ("Ross"). For the reasons stated below, the Court will grant the IFP Application, dismiss the petition, and direct the Clerk of Court to close the case.

**I.  BACKGROUND**

On January 31, 2023, Ross was sentenced to forty-six (46) months of federal incarceration after pleading guilty to one (1) count of felon in possession of a firearm and ammunition (18 U.S.C. §§922(g)(1), 924(a)(2)) in the United States District Court for the Northern District of Ohio. *See* (Doc. 1 at 1); *United States v. Ross*, No. 22-cr-00139 (N.D. Ohio), ECF No. 22. Ross did not file a direct appeal to the Sixth Circuit Court of Appeals; however, he did file an unopposed motion to reduce his sentence under 18

U.S.C. §3582(c)(2) on February 14, 2024. *See id.*, ECF No. 25. The following day, the Northern District of Ohio granted Ross's motion and reduced his sentence to thirty-seven (37) months' incarceration. *See id.*, ECF No. 26.

On July 25, 2025, Ross filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255 in which he argued that, *inter alia*, (1) his Section 922(g)(1) conviction violated his constitutional rights as recognized by the United States Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022) and (2) President Donald J. Trump's Executive Order No. 14206 (Protecting Second Amendment Rights) warranted vacating his Section 922(g)(1) conviction. *See id.*, ECF No. 30 at 4–8. The Northern District of Ohio denied the motion as time-barred on September 8, 2025. *See id.*, ECF No. 33. Ross did not appeal from this denial. Instead, he filed a "Motion to Dismiss 922(g)(1)" on October 15, 2025, *see id.*, ECF No. 34, which the Northern District of Ohio denied a day later. *See id.*, ECF No. 35.

Ross commenced the instant action by filing his Section 2241 habeas petition, which the Clerk of Court docketed on December 11, 2025. (Doc. 1.) In his petition, Ross seeks an order vacating his Section 922(g)(1) conviction

- 2 -

pursuant to the Third Circuit Court of Appeals' decision in *Range v. Garland*, 124 F.4th 218 (3d Cir. 2024) and Executive Order No. 14206. (Id. at 1–3.)[1]

When Ross filed his habeas petition, he neither remitted the filing fee nor sought leave to proceed *in forma pauperis*; as such, an Administrative Order issued requiring him to either pay the fee or apply for leave to proceed *in forma pauperis*. (Doc. 3.) In response to this Administrative Order, Ross timely filed his IFP Application along with a prisoner trust fund account statement. (Docs. 4, 5.) However, Ross's prison account statement was not certified as required by the *in forma pauperis* statute, *see* 28 U.S.C. §1915(a)(2) ("A prisoner seeking to bring a civil action without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined."); accordingly, two Administrative Orders issued requiring the Warden at Ross's place of confinement (United States Penitentiary Canaan) to submit his certified account statement. (Doc. Nos. 6, 7.) The Clerk of Court docketed two copies of Ross's certified account statement on February 2, 2026, and

---

[1] Ross asserts that Executive Order No. 14206 "states all firearm and ammunition cases must be dismissed, and that all convictions for felony possession of a firearm/ammunition must be vacated." (Doc. 1 at 2.)

February 5, 2026. (Docs. 8, 9.) Thus, Ross's IFP Application and Section 2241 petition are ripe for review.

## II. LEGAL STANDARDS

### A. Applications for Leave to Proceed *in Forma Pauperis*

Under 28 U.S.C. §1915(a)(1), a district court "may authorize the commencement . . . of any [civil] suit, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *Id.* This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [*Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, §1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit. *Neitzke*, 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (unpublished).

### B. Screening of Habeas Petitions

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

- 4 -

District Courts. *See* R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the court must promptly examine it."). Rule 4 may be applied in habeas cases brought under Section 2241. *See* R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

### C.  Section 2241 Habeas Petitions

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the

- 5 -

phrase has been interpreted as to "put into effect" or "carry out." *Woodall*, 432 F.3d at 242, 243 (citation omitted). As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. *See, e.g., Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the way the BOP is computing their federal sentence).

### III. DISCUSSION

#### A. The IFP Application

After reviewing the IFP Application and Ross's account statement, it appears that he lacks the financial means to prepay the filing fee in this matter. Therefore, the Court will grant the IFP Application and allow Ross to proceed *in forma pauperis* in this habeas action.

#### B. Screening of Ross's Section 2241 Habeas Petition

Federal prisoners such as Ross seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. *See* 28 U.S.C. §2255(e); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are

allegedly in violation of the Constitution." (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). Federal prisoners may only challenge their conviction through a Section 2241 habeas petition if a Section 2255 motion is "inadequate or ineffective to test the legality of [their] detention." 28 U.S.C. §2255(e); *see also Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (explaining that in enacting Section 2255 "Congress generally barred federal prisoners 'authorized to apply for relief by motion pursuant to' §2255 from applying 'for a writ of habeas corpus' under §2241[, but it]preserved the habeas remedy in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention'" (second alteration in original) (quoting 28 U.S.C. §2255(e))).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the Section 2241 habeas petitioner must show "that some limitation of scope or procedure would prevent a §2255 proceeding from affording [them] a full hearing and adjudication of [their] wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, **the one-year statute of limitations has expired**, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . §2255." *Id.* at 539 (emphasis added). "It is

- 7 -

the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538.

Here, Ross seeks habeas corpus relief pursuant to Section 2241 based on the purported invalidity of his Section 922(g)(1) conviction. Through this claim, Ross clearly challenges the legality of his conviction, and he has not shown, or even argued, that Section 2255 is inadequate or ineffective to adjudicate his claim. Thus, Ross must present his claims in a Section 2255 motion in the sentencing court, *i.e.*, the Northern District of Ohio, and this Court lacks jurisdiction to decide his petition.[2] Accordingly, because Ross's claim is not cognizable in a Section 2241 habeas corpus petition, the Court will dismiss his petition for lack of subject-matter jurisdiction.[3]

---

[2] As stated above, Ross already filed a Section 2255 motion on similar (if not identical) grounds, which the Northern District of Ohio denied as time barred.

[3] Even if there was jurisdiction to consider Ross's contention that Executive Order No. 14206 entitles him to habeas relief, the Court would deny his motion because he misrepresents the contents of the Executive Order. It contains no language requiring the dismissal of possession of firearms and ammunition convictions. *See, e.g., Ford v. United States*, No. 25-cv-00098, 2025 WL 2661515, at *3 (D. Utah Sept. 17, 2025) (rejecting Section 2255 movant's argument that he was entitled to habeas relief based on Executive Order 14206, and explaining that this Executive Order "simply tells the Attorney General to look over federal actions from 2021 to 2025 that might have affected Second Amendment rights and come up with a plan to

*(footnote continued on next page)*

## IV. CONCLUSION

For the reasons stated above, the Court will grant the IFP Application, dismiss without prejudice Ross's Section 2241 petition for lack of subject-matter jurisdiction, and direct the Clerk of Court to close this case. An appropriate Order follows.

_____
MALACHY E. MANNION
United States District Judge

DATE: 2/9/26
25-2387-01

---

address them" (citing Exec. Order No. 14206, 90 Fed. Reg. 9503 (Feb. 12, 2025))), *recons. denied*, 2025 WL 3672796 (D. Utah Dec. 17, 2025). Instead, it expressly states that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." Exec. Order No. 14206, 90 Fed. Reg. 9504.